Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6004 | **DATE** | 8/1/2003 |
| **CASE TITLE** | SAMUEL DENT vs. CITY OF CHICAGO, ET AL | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Defendant motion (16-1 and 16-2) to strike and dismiss (treated as motion for summary judgment is granted. Plaintiff's motion (23-1 and 24-1) for summary judgment is denied. Summary judgment is entered in favor of defendants and against plaintiff.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | | **Document Number** |
|---|---|---|---|---|---|---|
| | No notices required. | | | number of notices | | |
| | Notices mailed by judge's staff. | | | | | |
| | Notified counsel by telephone. | | AUG 0 5 2003 | | | |
| ✓ | Docketing to mail notices. | | date docketed | | | 31 |
| ✓ | Mail AO 450 form. | | | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | | |
| DW | courtroom deputy's initials | | date mailed notice | | | |

U.S. DISTRICT COURT
CLERK
03 AUG -4 PM 4:06
FILED FOR RECORD
Date/time received in central Clerk's Office

SAMUEL DENT,

    Plaintiff,

    v.

CITY OF CHICAGO, MAYOR RICHARD
DALEY, POLICE SUPERINTENDENT
TERRY G. HILLARD, DEPUTY
SUPERVISOR GARY H. SCHENKEL, LT.
BANKS, and SGT. WILLIAM SHERWIN,

    Defendants.

AUG 0 5 2003

No. 02 C 6604
Judge James B. Zagel

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff is a former probationary officer who alleges that the Chicago Police

Department (1) failed to give him a conditional offer of employment prior to a medical

evaluation; (2) failed to hire him because of his disability (imperfect vision); (3) failed to

accommodate his disability; (4) harassed him upon hire; and (5) discharged him in retaliation for

filing a prior complaint of discrimination and based upon a perceived disability (becoming ill at

the Training Academy) in violation of Titles I and V of the Americans With Disabilities Act

("ADA"), 42 U.S.C. § 12111 *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

Plaintiff further checks the box alleging discrimination based upon his age, in violation of the

Age Discrimination Employment Act ("ADEA").

In addition, plaintiff attaches to his *pro se* complaint a document entitled "Item 12

continued," which sets forth 27 counts, titled consecutively from I and XXVII as follows:

"adverse action, breach of trust, conspiracy, *allegata* and *probata*, *civilii* conspiracy, malicious

conduct, defamation, default, decree, evidence opinion, expert witness, fact or opinion re

defamation, false/fraudulent statement, false pretenses [sic], false testimony, formality, fraud to defraud, knowingly, knowledge, misleading conduct, motive, nonperformance and breach of contract, prima facie evidence case, settlement agreement, reasonable doubt, surplusage, and wrongful discharge." Plaintiff's complaint also incorporates an "Item 13 contnued" consisting of a same captioned complaint containing six counts.[1] Count I alleges termination due to a perceived disability in violation of Titles I and V of the ADA. Count II alleges unlawful subjection to a preemployment medical examination and termination in violation of the Rehabilitation Act. Count III is titled "Discrimination in violation of the Age Discrimination in Employment Act," but alleges that defendant automatically terminated him because it regarded him as disabled in violation Titles I and V of the ADA and "Sections SEC.12203 [Section 503]" (ADA non-retaliation provision). Count IV alleges termination in retaliation for engaging in protected activity. Count V alleges that plaintiff's termination violated the "'Direct Threat' Qualifications Standards" of the ADA, and Count VI seeks a rule to show cause based upon an alleged violation of the *Dyer-Neely* Consent Decree (83 C 5386).

Plaintiff has named both the City of Chicago and individuals as defendants. The individual defendants, as well as the City of Chicago, move for summary judgment on all of plaintiff's claims.

I am dismissing the individual defendants because (1) plaintiff has not alleged any specific actions attributable to any particular defendant; and (2) the law is well-settled that there is no individual liability under Title VII, the ADA, the Rehabilitation Act, and the ADEA. *See*

---

[1] This document appears to be a modified version of the complaint previously filed on plaintiff's behalf in action No. 96 C 0290, dismissed with prejudice pursuant to settlement.

*EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995). Plaintiff does not dispute that a defendant cannot be held individually liable under Title VII, the ADA, the Rehabilitation Act, and the ADEA, but he argues that he has adequately pled conspiracy and cites *Haddle v. Garrison*, 525 U.S. 121 (1998). However, plaintiff only alleges that defendants conspired "to do something which, was actually carried out, did amount to another Federal crime and offense." This alone does not sufficiently allege civil conspiracy. Plaintiff alleges no facts to indicate the basis of this conspiracy claim, nor does he identify an actual offense. It could be inferred that his termination is that offense, but plaintiff still has not alleged any facts to show how the individual defendants conspired to bring about the termination. In his response to defendants' motion, plaintiff mentions denial of his right to equal protection, but he does not allege any class-based invidious discrimination, nor does he allege that any similarly situated individual who is less than 40, not disabled, or did not engage in statutorily protected activity was treated differently than he. Finally, there is no evidence that an individual defendant, other than Superintendent Terry G. Hillard, made the decision to terminate plaintiff. The Superintendent has the discretion to discharge probationary police officers without just cause or a hearing. *Romanik v. Board of Fire & Police Commissioners*, 338 N.E.2d 397 (Ill. 1975). Superintendent Hillard based his decision to terminate plaintiff on a report that plaintiff became ill and almost fainted at the firing range because he is allergic to pregnant women. Plaintiff concedes that he himself reported this belief to his superiors; therefore any allegations that the report on which Superintendent Hillard relied is false cannot be proven. Because plaintiff cannot maintain any claims against the individual defendants, they are dismissed from the case.

I am granting summary judgment with respect to plaintiff's ADA and Rehabilitation Act claims regarding a failure to provide a conditional offer of employment and for failure to hire because they are barred by prior settlement of claims raised in action No. 96 C 0290. Plaintiff claims that this agreement is "evidence of [defendants] intent to abuse the legal process by trying to use a libel claim to coerce plaintiff into silence, and are not excludable as 'offers of compromise'" and that he is suing defendants "over their conduct in bringing and continuing a lawsuit that constituted an abuse of process and also retaliation under the statutes involved." However, defendants have not brought suit against plaintiff, nor are they seeking ro preclude admissibility of the settlement agreement.

Plaintiff's petition for a rule to show cause based upon an alleged violation of the *Dyer-Neely* Consent Decree (83 C 5386) is denied because (although it is questionable that the Decree is applicable to plaintiff's claims), even if it was applicable, the Decree has been dissolved. *See Dyer v. City of Chicago*, 1997 WL 308843 (N.D. Ill. 1997) (Willams, J.).

With respect to plaintiff's disability discrimination claim, plaintiff insists that "defendant retaliated against him in violation of the ADA and ADEA by terminating her [sic] employment." Plaintiff cannot establish a claim of retaliation under the ADEA because there is no evidence that he complained of age discrimination preceding his discharge. Plaintiff also cannot establish a claim of retaliation under the ADA because he has not shown the requisite element that he was treated less favorably than similarly situated employees who did not engage in protected activity. *See Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). With respect to plaintiff's discrimination claim under the ADA/Rehabilitation Act, plaintiff has not adequately responded to defendants' argument that he is not entitled to protection under these statutes because he does

4

not claim that he is disabled, nor does he show that he was erroneously regarded as disabled. Plaintiff does not show that being allergic to pregnant women significantly restricts a major life activity, and the only evidence offered by plaintiff that he is disabled is that an officer commented that plaintiff was "dangerous and a threat" as a police officer because of this allergy, which is insufficient. Defendants' conclusion that plaintiff could not perform the duties of a police officer is not the same as a belief that plaintiff's allergy significantly restricts the life activity of working. Additionally, defendants' belief that plaintiff was allergic to pregnant women is not erroneous because plaintiff himself reported the allergy to defendants. Finally, plaintiff cannot prove that with his allergic condition, he was qualified to perform the essential functions of a probationary police officer. For these reasons, plaintiff cannot establish a claim of disability discrimination, and summary judgment is granted with respect to this claim. Summary judgment on plaintiff's retaliation claim is also granted for the same reasons.

Plaintiff does not respond to defendants' arguments with regard to his age discrimination and harassment claims, namely that these are beyond the scope of his first and only timely EEOC charge filed on July 10, 2001, which alleges only disability discrimination. While plaintiff's second EEOC charge does allege age discrimination and harassment, it was not filed until April 26, 2002, which is 302 days after his discharge on June 28, 2001, and thus, exceeds the statute of limitations for these claims. *See Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 573-74 (7th Cir. 1998). Therefore, summary judgment is granted with respect to plaintiff's age discrimination and harassment claims.

Defendants move to strike the 27 counts set forth in "Item No. 12" on the ground that these counts consist of legal definitions, not separate cognizable claims, and even if the court

5

were to construe facts alleged elsewhere into any of these counts, the facts as alleged are vague and confusing and do not state any claims. Although plaintiff correctly argues that a *pro se* civil rights complaint cannot be dismissed unless there is no set of facts under which plaintiff could obtain relief, *McCormick v. City of Chicago*, 230 F.3d 319 (7th Cir. 2000), "Item No. 12" does not contain any claims. There is no indication in this document of the basis for asserting these alleged "claims," and even though the pleading standards are more relaxed for a *pro se* plaintiff, plaintiff has not met these standards. Therefore, the counts alleged in "Item No. 12" are stricken.

Finally, summary judgment is granted with respect to plaintiff's claim Count V of "Item 13 continued" asserting "Discrimination in Violation of the Direct Threat Qualification Standards" because direct threat is a defense available to *employers* under the ADA.

For the reasons stated above, defendants' motion for summary judgment on all of plaintiff's claims is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 1 August 2003

6